Joshua S. Parilman (021272)
Chad Schatz (027212)
DAVID WROBLEWSKI & ASSOCIATES, P.C.
2020 N. Central Avenue, Ste. #1100
Phoenix, AZ 85004
Phone: (602) 266-4570
Fax: (602) 266-3505
Email: parilman@aol.com
Attorney for Debtors

IT IS HEREBY ADJUDGED and
DECREED this is SO ORDERED.

*The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.*

Dated: May 30, 2012

*Randolph J. Haines* (signature)

Randolph J. Haines, Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:

EARL R. RINGLEY
xxx-xx-7690
And
JESSIE L. RINGLEY
xxx-xx-6930

12666 N. 150th Lane
Surprise, AZ 85379

Debtors.

) In Proceedings Under Chapter 13
)
) Case No.: 2:10-bk-39484-RJH
)
) **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE**
)

The Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the Plan of the Debtors as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    a. Future Earnings or Income. Debtors shall make the following monthly Plan Payments:

| **Months** | **Dates** | **Payments** |
|---|---|---|
| 1-60 | January 2011 through December 2015 | $645.00 |

The payments are due on or before the __10th__ day of each month commencing January, 2011. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for while in the bankruptcy case, within 30 days of filing. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

In re: Earl & Jessie Ringley
Case No.: 2:10-bk-39484-RJH

1

Case 2:10-bk-39484-DPC    Doc 30    Filed 05/30/12    Entered 05/30/12 13:28:31    Desc
 - Order Confirming Chapter 13 Plan    Page 1 of 5

b. Other Property. The Debtors shall provide directly to the Trustee their net federal and state income tax refunds for the years 2011, 2012, 2013, 2014 and 2015, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

   a. Administrative Expenses:

   Attorney Fees. Phillips & Associates/David Wroblewski & Associates, PC shall be allowed total compensation of $4,000.00 Counsel received $4,000.00 prior to filing this case and will be paid $0.00 by the Chapter 13 Trustee.

   Additional Attorney Fees. David Wroblewski & Associates, PC shall be allowed additional compensation of $1,000.00 for the avoidance of the Junior Lien Holder under a separate Order signed by this Court, and will be paid $1,000.00 by the Chapter 13 Trustee. (See 2:12-ap-00038-RJH).

   b. Claims Secured by Real Property:

   **JP MORGAN CHASE BANK, NA**, secured by a lien on Debtors' primary residence located at 12666 N. 150th Lane, Surprise, Arizona, shall be paid the pre-petition arrearage of $2,249.84. Regular post-petition payments will be paid outside the Plan direct to Maricopa County Treasurer by the Debtors.

   **GUARANTY BANK**, is secured by a second deed of trust in the Debtors' residence located at 12666 N. 150th Lane, Surprise, Arizona. The lien of GUARANTY BANK shall be avoided by separate order of this Court. As a result of the avoidance of the lien of GUARANTY BANK, GUARANTY BANK shall <u>not</u> be paid through the Plan as a secured creditor, or direct by the Debtors. Rather any filed claim of GUARANTY BANK for this debt shall be classified and paid as a general unsecured claim. (see 2:12-ap-00038-RJH)

   **RANCHO GABRIELLA HOMEOWNERS ASSOCIATION** is secured in accordance with the CC&R(s). The Debtors' payments are current to Rancho Gabriella HOA, which has filed no proof of claim; therefore, no funds shall be paid to it by the Trustee through this Plan. The Debtors shall continue to make regular contractual payments direct to Rancho Gabriella HOA outside of the Plan.

In re: Earl & Jessie Ringley
Case No.: 2:10-bk-39484-RJH

2

Case 2:10-bk-39484-DPC    Doc 30    Filed 05/30/12    Entered 05/30/12 13:28:31    Desc
- Order Confirming Chapter 13 Plan    Page 2 of 5

c. Claims Secured by Personal Property:

**HARLEY DAVIDSON CREDIT CORPORATION.**, secured by 2005 Harley Davidson FXSTI (SoftTail) shall be paid $5,500.00 together with interest at 5.25%. Harley Davidson Credit Corporation shall receive adequate protection payments of $55.00 per month.

**WELLS FARGO FINANCIAL NATIONAL BANK (THE ROOMSTORE)**, secured by certain furniture, shall be paid $2,115.30 together with interest at 0.0%. Wells Fargo shall not receive adequate protection payments.

d. Unsecured Priority Claims: None.

e. Leases or Executory Contracts. The following leases and/or executor contracts are assumed or rejected as follows:

| Party | Description | Action |
|---|---|---|
| Verizon | Cellular Telephone Services | Assume |

f. Surrendered Property. None.

g. Other Provisions: None.

h. Unsecured Nonpriority Claims. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

In re: Earl & Jessie Ringley
Case No.: 2:10-bk-39484-RJH

3

Case 2:10-bk-39484-DPC    Doc 30    Filed 05/30/12    Entered 05/30/12 13:28:31    Desc
- Order Confirming Chapter 13 Plan    Page 3 of 5

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

DATED SIGNED AND ORDERED AS STATED ABOVE

Approved as to Form and Content By:

| DAVID WROBLEWSKI & ASSOCIATES | STANDING CHAPTER 13 TRUSTEE |
|---|---|
| By: _____ 9/2/2012 | By: _____ |
| Joshua S. Pashman | Edward J. Maney, Trustee |
| Chad Schatz | P.O. Box 10434 |
| 2020 N. Central Avenue, Suite 1100 | Phoenix, AZ 85064 |
| Phoenix, AZ 85004 | |
| *Attorneys for Debtors* | |

**CERTIFICATION OF DEBTORS:** I, Earl R. Ringley and I, Jessie L. Ringley, hereby certify as follows:

1. I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve the same; and

2. I have filed all applicable Federal, State, and local tax returns as required by U.S.C. § 1308; and

3. I have no domestic support obligations.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the time of filing the Petition.

_____          _____
Earl R. Ringley                                   Jessie L. Ringley

In re: Earl & Jessie Ringley<br>Case No.: 2:10-bk-39484-RJH

4

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Administrative expenses | $ 1,000.00 |
| (2) | Priority claims | $ 0.00 |
| (3) | Payments on leases or to cure defaults, including interest | $ 2,249.84 |
| (4) | Payments on secured claims, including interest | $ 7,500.00 |
| (5) | Payments on unsecured, nonpriority claims | $ 24,080.16 |
| (6) | SUBTOTAL | $ 34,830.00 |
| (7) | Trustee's compensation (10% of plan payments) | $ 3,870.00 |
| (8) | Total plan payments | $ 38,700.00 |

(L) **Section 1325 Analysis**.

    (1) *Best Interest of Creditors Test*:

| | | |
|---|---|---:|
| (a) | Value of debtor's interest in nonexempt property | $ 1,255.00 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 313.75 |
| (d) | Less: Amount payable to unsecured, priority creditors | $ 0.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | $ 941.25 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

    (2) *Section 1325(b) Analysis:*

| | | |
|---|---|---:|
| (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ 0.02 |
| (b) | Applicable commitment period | $ 60 |
| (c) | Section 1325(b)(2) monthly disposable income amount multiplied by 60) | $ 0.00 |

(M) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan     $ 24,080.16

In re: Earl & Jessie Ringley
Case No.: 2:10-bk-39484-RJH

5

Case 2:10-bk-39484-DPC    Doc 30    Filed 05/30/12    Entered 05/30/12 13:28:31    Desc
- Order Confirming Chapter 13 Plan    Page 5 of 5